JOAN F. EDWARDS, Ph.D., and JOAN E. OWEN, Ph.D., Appellants, v. STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES, DIVISION OF HEALTH, Respondent.

No. 11494

August 18, 1980     615 P.2d 951

[Rehearing denied September 25, 1980]

MANOUKIAN and THOMPSON, JJ., concurred in part, dissented in part.

*Nitz, Schofield & Nitz,* Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, and *Bryan M. Nelson,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

Doctors Joan Edwards and Joan Owen appeal from the judgment of the district court holding that the Personnel Advisory Commission was without jurisdiction to reclassify their civil service positions. We reverse.

In 1976, appellants held positions classified as Psychologist V in the Health Division of the Department of Human Resources. They requested reclassification of their positions to Clinic Director III, asserting that they were being required to perform administrative duties beyond the scope of the Psychologist V classification. The head of the Health Division opposed the reclassification and forwarded their requests to the State Personnel Division. In December 1977, an analyst in the Personnel Division denied the requests. Edwards and Owen then filed a formal grievance with the Personnel Division, which held a hearing. In January 1978, the Personnel Division denied the request for reclassification. Owen and Edwards appealed this decision to the State Personnel Advisory Commission, which held a hearing on May 18, 1978. The Personnel Division appeared with counsel at this hearing and contested the request for reclassification. The head of the Health Division was also present. Based on the evidence adduced at the hearing, the Commission ordered that the positions held by Edwards and Owen be reclassified as Clinic Director III positions, and awarded them back pay. In June 1978, the Health Division requested a rehearing before the Commission, alleging a lack of proper notice at the May hearing. The Commission denied the request, reaffirmed its reclassification decision, and amended the award of back pay to cover the period after the receipt of the request for reclassification by the Personnel Division.

The Health Division then sought judicial review of the Commission's decision. The district court held a hearing, concluded that the Commission was without jurisdiction to entertain appeals in reclassification matters, and vacated the Commission's decision. This appeal ensued.

Appellants contend that the Health Division had no standing

to seek judicial review of the Commission's decision because it was not a party to the proceedings before the Commission. This argument is without merit. The Health Division is a party within the meaning of NRS 233B.035, which includes in the definition an agency "entitled as of right to be admitted as a party, in any contested case." Since the Health Division is affected by the Commission's decision, and will have to pay the increased salaries and back pay ordered by that decision, it is an aggrieved party within the meaning of NRS 233B.130(1).

The Health Division did not receive formal notice of the hearing before the Commission in the terms specified in NRS 233B.121. On the record before us, however, it is abundantly clear that the Health Division was aware that the hearing concerning appellants was to be held on May 18, 1978, was familiar with appellants' complaint, and was aware of the Commission's asserted jurisdiction over reclassification appeals. The head of the Health Division appeared at the hearing to give testimony. It is clear, then, that the Health Division had actual notice of the Commission proceedings, but sought to intervene as a party only after the Commission had rendered a decision favorable to appellants. In view of the vigorous opposition to appellants' complaint made by the Personnel Division at the Commission hearing, and the actual notice to the Health Division of the nature of the hearing, Brown v. Sutton, 356 So.2d 965, 971-72 (La. 1978), we conclude that the Commission's action is not invalid on this ground.

Respondent Health Division's main contention is that the Personnel Advisory Commission does not have jurisdiction to entertain appeals from the Chief of the Personnel Division in reclassification matters. We disagree.

The Chief of the Personnel Division has the power to reclassify positions.[1] The Commission must approve such changes.

---

[1] It is clear that what appellants requested was a reclassification rather than a promotion. Appellants did not contend that there were existing Clinic Director III positions into which they should be promoted. Rather, they asserted that the duties which the Health Division had imposed upon their Psychologist V positions were more appropriate to Clinic Director III positions, and that their positions should be reclassified accordingly. Nevada Dept. of Administration, State Administrative Manual, Rules for Personnel Administration I D (24) (10th ed. 1977):

" 'Reclassification' means a reassignment or change in allocation *of an individual position* by raising it to a higher class . . . on the basis of significant changes in kind, difficulty, or responsibility of the work performed." (Emphasis supplied.)

NRS 284.160(4). The Commission's power to approve necessarily encompasses the review of denials of reclassification requests. Such authority is articulated in Rule II E of the Nevada Department of Administration, State Administrative Manual, Rules for Personnel Administration II E (10th ed. 1977).[2] The Rules have the force and effect of law. NRS 284.155(1). Consequently, we hold that the Commission had jurisdiction to review the decision of the Personnel Division in these reclassification appeals.[3]

The Commission properly concluded that a reclassification of the positions held by appellants was necessary to reflect more accurately the duties actually associated with those positions. No ground for reversal of the administrative action, NRS 233B.140(5), is present in this case. We therefore reverse the judgment of the district court and remand the case with instructions to reinstate the order of the Personnel Advisory Commission.

MOWBRAY, C. J., and GUNDERSON, J., concur.

MANOUKIAN, J., with whom THOMPSON, J. joins, concurring in part and dissenting in part:

I concur in the majority holding with regard to the issue of standing for the reason that actual notice and employer participation before the Commission cured the deficiency in the formal notice. *See* Brown v. Sutton, 356 So.2d 965, 971 (La. 1978). Because I cannot agree, however, with the majority that the Commission had jurisdiction in this matter, I respectfully dissent.

Appellants' 1976 requests for upward reclassifications was opposed by Dr. John Carr, the state health officer, who disagreed with appellants' description of their positions. The Personnel Division studied the matter through December of 1977 and included a study of new positions approved by the legislature. In December, Mr. Wenner, the supervisory personnel

---

[2]Rule II E. *Investigations:*

The State Personnel Division, upon the written request of an appointing authority or an employee, or upon its own initiative, may investigate the classification status of any existing position, which could be ultimately appealed by any of the parties to the Personnel Advisory Commission.

[3]The Legislature has amended NRS 284.065 and 284.165 to include jurisdiction over reclassification appeals in the Commission's express powers. This evidences the Legislature's original intent to confer this jurisdiction on the Commission. Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975); Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975).

analyst, informed appellants that he recommended that their positions were properly classified as Psychologist V. Appellants filed a grievance with the State Personnel Division soon thereafter. After a hearing, Fred Bartlett, chief of special personnel services, denied appellants' request for reclassification.

Appellants informed the state personnel administrator of their intent to appeal the decision. In February of 1978, Mr. Bartlett wrote to counsel for appellants and stated, "As we agreed, the proper forum for the classification appeals at this point is the Personnel Advisory Commission." In May of 1978, the Commission held a hearing and unanimously granted a ten percent increase in pay and "reclassified" the positions of appellants to that of Clinic Director III.[1] The personnel administrator subsequently wrote to the chairman of the Commission and stated that he thought the appeal procedure followed was at variance with past proceedings. Thereafter, the Health Division sought judicial review.

In my view, the majority, in conferring jurisdiction on the Commission, has misconstrued the statutory scheme finding that "[t]he Commission's power to approve [position reclassifications] necessarily encompasses the review of denials of reclassification requests." First, I believe that the action by the chief of the Personnel Division was not subject to review by the Commission as a reclassification matter. Second, even assuming the Commission had the authority to hear appeals in reclassification matters, the request here actually amounted to a request for a promotion which was more properly subject to approval by the Health Division, appellants' employer.

Prior to 1979, section 284.065 of our statutes provided that the Commission had only those powers and duties authorized by law. The Commission had the power to *advise* the personnel division chief on several matters and to "exercise any other *advisory powers* necessary or reasonably implied within the . . . chapter." NRS 284.065 (emphasis added).[2] On the other hand,

[1]The minutes for this meeting reflect that the Commission granted an increase in pay and "a *promotion* to Clinic Administrator III, Range C, effective May 18, 1978." (Emphasis added.)

[2]This statute was amended in 1979 and now gives the Commission the power "[t]o review decisions of the chief in contested cases involving the classification or allocation of *particular* positions." 1979 Nev. Stats. ch. 262, at 356–57 (codified in NRS 284.065(2)(f)) (emphasis added). Unlike my brethren in the majority, I do not believe that this amendment, more than twenty-five years after the original enactment, reflects an intent by the 1953 legislature to vest the Commission with the power to hear the instant controversy. Indeed, this position becomes abundantly clear from a reading of the plain language of the prior statute. *See* Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979).

it is the chief who is the executive head of the personnel system who is to apply and carry out the provisions of the statutes. Although the chief is to report to the Commission and request advice on policy, he is the one who is to "[p]erform any other lawful acts which he may consider necessary or desirable to carry out the purposes and provisions of this chapter." NRS 284.105(2)(i). The chief has the power to reclassify particular sets of duties to particular classes. The Commission may approve such general changes. NRS 284.160(4). Individual employees may request a rehearing by the chief when affected by general changes in the allocation of a position to a grade or class. NRS 284.165. But even with such general changes, there was no provision for an appeal to the Commission by the individuals.

The majority does cite Rule II E of the Rules for Personnel Administration, which was promulgated by the chief pursuant to NRS 284.155. This rule states that the Personnel Division may investigate the classification status of any existing position, which ultimately could be appealed to the Commission. I read this only as authorizing a Commission review of classifications of *positions* in general according to the duties attendant to the position. This does not vest appellate authority in the Commission over the allocation of individual employees to existing positions in an approved classification plan. That is the duty of the chief of the Personnel Division from which there is no appeal.

Even assuming the Commission had authority to hear reclassification appeals, I do not believe that the action requested here was for a re-allocation of a general position, but was a request for a promotion. A "promotion" is defined by the Rules for Personnel Administration as "any movement of a classified employee to a position in a class having a higher maximum salary range than the position previously occupied. . . ." Appellants were occupying one position in a certain class and wished to be transferred to a higher position. They do not claim that all persons classified as Psychologist V performed the work of a Clinic Director III. These are two different classes and appellants wished to be assigned to a different class.

The legislature has also provided that no one is to be appointed or promoted by any means other than those set forth in the chapter and the promulgated regulations. And appointments shall be made "according to merit and fitness from eligible lists prepared upon the basis of examination. . . ." NRS 284.150(2). Examinations are regulated in NRS 284.205–.235 and NRS 284.240–.275 provide the procedure for certifying eligible persons for positions and establishing eligibility lists.

Appointments are to be made from eligibility lists and the chief certifies from the lists. NRS 284.255, 284.265. For vacancies in certain appointed positions, the appointing authority must appoint from the list. This authority is, presumably, the head of respective departments. NRS 284.270. *See* Op. Att'y Gen. Nev. 96 at 107, 110 (1963). Here, the Commission simply determined that appellants were to be elevated in position. There had been no examination and no indication from department heads that appellants were to be promoted.

I am apprehensive that, under the authority of the majority opinion, state employees in the future will attempt to circumvent promotion procedures simply by requesting a "reclassification" when the employees believe they have assumed duties which are attendant with a position in a higher class. In the present case, appellants' remedies were to request a promotion and to follow the qualifying procedures or to ask for a special salary adjustment. *See* Rules for Personnel Administration, Rule III H 2.[3] The Commission did not simply reclassify a position which was held by a class of employees of which appellants happened to be a part. The Commission actually moved classified employees to a higher class. The Commission improperly granted appellants a promotion which was beyond their powers authorized by law. *See* NRS 284.065, 284.245, 284.355, 284.376, 284.390. In addition to an impairment of budgetary control, by individual departments, this action will effectively deny the heads of individual agencies the ability to determine job placement according to merit and comparative ability.

Those in the majority err in holding that the Personnel Advisory Commission could hear this appeal from the decision of the Chief of the Personnel Division not to "reclassify" appellants' positions. I would affirm the decision of the trial court.

THOMPSON, J., concurs.

[3]This is not to say that the Health Division had any right to require appellants to assume additional responsibilities not attendant with their classification. Appellants may be eligible for compensation if they were "carrying responsibilities beyond those required for the class as a whole. . . ." Rules for Personnel Administration, Rule III H 2.