DONALD M. HAGBLOM, Appellant, *v.* PERSONNEL ADVISORY COMMISSION OF THE STATE OF NEVADA, and THE STATE OF NEVADA DEPARTMENT OF MOTOR VEHICLES, NEVADA HIGHWAY PATROL DIVISION, Respondents.

No. 11684

February 20, 1981                                    623 P.2d 977

*Lohse & Lohse,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, *Joe E. Colvin,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

The Nevada State Highway Patrol dismissed the appellant, Donald M. Hagblom, a highway patrolman, from service. The Personnel Advisory Commission held a hearing, and upheld the termination on a finding of just cause to release the appellant. The district court sustained the Commission's ruling. This appeal ensued; we affirm.

### THE FACTS

On October 25, 1976, appellant was advised that his attendance was required at the monthly pistol shoot. Before the

shoot, he orally notified his superior, Sergeant Gartiez, that because the shoot fell on his day off, he would not attend. Appellant was again instructed that his presence was required; he did not attend the shoot.

Appellant was requested, on November 13, 1976, to supply in writing his reasons for missing the shoot. He was similarly instructed twice again in the next four days. The last time he was told to either write the memo of explanation, or face dismissal for insubordination. Appellant chose the latter; he was terminated, and this action followed.

## THE COMMISSION PROCEEDING

NRS 284.390 governs the process by which a state employee may appeal a termination order. Upon termination by one's employer, an employee may appeal to the personnel division. His cause is normally first heard by a hearing officer. NRS 284.390(1). The findings of the hearing officer are binding on the parties. NRS 284.390(6). The losing party may then request a hearing before the Personnel Advisory Commission, NRS 284.390(7). It is within the discretion of the Commission to grant or deny the request for a hearing. NRS 284.390(8). If a hearing is granted, the review is *de novo*. NRS 284.390(9).

In the instant matter, the full Commission heard the matter. Initially, there was no prior proceeding before a single hearing officer. Appellant now claims this procedure was error. However, appellant, who was represented by counsel, did not object at the time of the hearing before the Commission, but preferred to go forward with the matter as scheduled. Rather, appellant accepted the *de novo* hearing before the entire Commission, which was granted at their discretion, in lieu of one before a hearing officer, and he was granted the *one de novo* review *assured* by NRS 284.390. He therefore waived his right to raise the issue later on appeal. United States v. Tucker Truck Lines, 344 U.S. 33 (1952).

## APPELLANT'S REMAINING CONTENTIONS

Appellant also suggests that complete termination of his employment was too drastic a penalty for his actions. The record reveals that appellant was aware of the general orders governing the highway patrol, that these orders specifically provided for discharge for insubordination, and that appellant was warned that his persistent refusal to write the memo would

result in termination of his employment. It is not the province of this Court to substitute its judgment for that of the highway patrol in disciplinary matters relating to the operation of the department. In Richardson v. Bd. of Regents, 70 Nev. 347, 367, 269 P.2d 265, 276 (1954), we defined insubordination as "a willful disregard of express or implied directions, or such a defiant attitude as to be equivalent thereto." Appellant's behavior falls into this category; his dismissal was for just cause.

We therefore affirm the decision of the district court.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., concur.