Carolyn Burke SNOW, Plaintiff,

v.

NEVADA DEPARTMENT OF PRISONS, et al., Defendants.

No. CIV-R-78-101-ECR.

United States District Court,
D. Nevada.

June 28, 1982.

Charles R. Zeh, Washoe Legal Services, Sparks, Nev., for plaintiff.

Robert List, Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on the defendants' motion for summary judgment. Memoranda of points and authorities have been submitted by both sides. Neither side has requested an oral hearing. The completeness of the record and the thoroughness of the written arguments render such a hearing unnecessary.

Plaintiff's First Amended Complaint reveals that she seeks declaratory and injunctive relief, as well as reinstatement with back pay and damages, pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1983 and 1985, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The pleading alleges discrimination in employment against Plaintiff on the basis of sex and in retaliation for her filing a complaint with the Equal Employment Opportunity Commission (EEOC).

The factual contentions made in the First Amended Complaint essentially are as follows: Plaintiff was employed as a correctional officer by the Nevada Department of Prisons from July 1, 1975, until her termination December 28, 1976. From the outset her activities were limited, such as to work in the control room and at the switchboard, by reason of sex. She was criticized for her dress and jewelry, even though male employees were not criticized for wearing jew-

elry. When she finally was assigned to tower duty, she was required to remain there for eight hours; male correctional officers on tower duty were relieved after no more than four hours. Her seniority entitled her to assignment as Watch Commander on the First Watch. However, she was assigned to the Third Watch where there were male officers with more seniority, so that she did not get a supervisory role. She filed complaints·with both the Nevada Equal Rights Commission and the EEOC (which, in 1977, found probable cause to believe she had been discriminated against because of sex). Plaintiff was charged with not following established key procedures while entering the maximum security unit of the State prison. She was placed on leave pending investigation. Four days later she was ordered to return to work, although no results of the investigation had been disclosed to her. She refused, and was terminated. The reason given for the termination was Plaintiff's failure to follow proper key procedures, thereby endangering the security of the institution. By contrast, a male correctional officer had been guilty of two serious security violations within a three-week period. He was given only a reprimand for the first violation and a three-day suspension for the second. The defendants named in the lawsuit are the Nevada Department of Prisons, its director and certain superintendents, captains, lieutenants, sergeants and correctional officers thereof.

The defendants' motion for summary judgment takes the position that res judicata or collateral estoppel based on State administrative proceedings bars Plaintiff's prayer for reemployment with back pay. The moving papers allege that she was terminated for violating key control procedure and for insubordination in refusing to return to work when ordered. These are valid reasons for termination under the Rules for State Personnel Administration, according to the defendants. Plaintiff received a hearing before a hearing officer of the Nevada State Personnel Advisory Commission. The hearing officer concluded that her termination was justified. Plain-

tiff petitioned the full Commission for a hearing de novo. The Commission denied her petition without a hearing. The defendants urge that only issues not involved in Plaintiff's termination for cause should be considered by this Court.

Plaintiff contends that even if her termination was justified under the Rules, she still is entitled to Title VII relief if she can show that a male correctional officer was guilty of violations of comparable seriousness but was not terminated.

A certified transcript of the hearing before the hearing officer is part of the record herein. Plaintiff was the petitioner there and the State of Nevada ex rel. its Department of Prisons was the respondent.

Plaintiff was present at the hearing and was represented by the Executive Director of the State of Nevada Employees' Association. Plaintiff waived her right to be represented by a lawyer. Evidence in the form of testimony and exhibits was admitted. Both sides were provided full opportunity to offer witnesses and to cross-examine. The respondent pointed out that the termination of Plaintiff was based on her endangering the security of the institution and for her insubordination and willful disobedience in refusing to return to work. Testimony was given as to the key control procedure and Plaintiff's training in that procedure. Also, testimony was presented reflecting the manner in which Plaintiff allegedly violated the procedure. As to the other basis for termination, there was testimony that Plaintiff's refusal to return to work on December 28, 1976, endangered the security of the institution, because there was a shortage of officers at the maximum security facility at the time due to a security problem there. In a written decision, the hearing officer concluded: (1) that the evidence justified the termination of Plaintiff for violating the Rules for State Personnel Administration; (2) that Plaintiff's violation of the key procedure endangered the security of the institution, and (3) that Plaintiff's refusal to return to work constituted a direct act of insubordination and willful disobedience.

Plaintiff's petition to the Nevada State Personnel Advisory Commission was prepared by an attorney. It asked for review of the hearing officer's decision and pointed out the reasons Plaintiff felt the decision was erroneous. As mentioned above, the petition was denied without a hearing. Plaintiff subsequently commenced the instant action in this Court.

*Discussion* :

A very recent United States Supreme Court decision in a Title VII case provides a bright line to follow in the resolution of the instant motion for summary judgment. *Kremer v. Chemical Construction Corp.,* —— U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) is that case. It notes, on p. ——, 102 S.Ct. on p. 1890, that Title VII does not require a claimant to pursue in state court an unfavorable state administrative determination, before initiating an action in federal court. Then the opinion declares, in ftnt. 7, that the federal courts are not bound by the administrative agency decision, for the claimant is entitled to a trial de novo of his or her Title VII claim. The footnote adds that if the agency decision was not reviewed by a state court, de novo trial in a federal court is not precluded even if the decision would be afforded preclusive effect in the state's own courts.

■ Plaintiff herein did not appeal the agency decision against her to the Nevada state courts. Therefore, she is not barred by res judicata or collateral estoppel from pursuing her Title VII claim in federal court. This is so even though the outcome of the administrative proceedings may be admitted as evidence in the federal court action. *Id.,* at ftnt. 8.

■ Respondeat superior applies in a Title VII case where the action complained of was of an employee authorized to fire, discipline or promote, or at least to participate in or recommend such actions. *Miller v. Bank of America,* 600 F.2d 211, 213 (9th Cir. 1979). Furthermore, 42 U.S.C. § 2000e–2 speaks of unlawful practices by the employer, and not of officers or employees of the employer; therefore such officers or employees cannot be held liable for back

pay. Back pay awards are to be paid by the employer. *Padway v. Palches,* 665 F.2d 965, 968 (9th Cir. 1982). *Padway* also teaches that Title VII does not provide for recovery of either general or punitive damages. *Ibid.* Plaintiff has asked for both. Therefore, as to her Title VII claim, Plaintiff must be limited to equitable relief (reinstatement and back pay) as against defendant Nevada Department of Prisons. Summary judgment in favor of the individual defendants must be granted as to the Title VII claim, which is designated as the First Cause of Action in the First Amended Complaint.

■ The 42 U.S.C. §§ 1983 and 1985 claims for relief are not covered by the *Kremer* rule as to Title VII claims. *See Kremer v. Chemical Construction Corp., supra,* at ——, 102 S.Ct. at 1894. *Allen v. Mc-Curry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Francisco Enterprises, Inc. v. Kirby,* 482 F.2d 481, 485 (9th Cir. 1973); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1351 (9th Cir. 1981). As a result, res judicata or collateral estoppel, if appropriate under the circumstances of Plaintiff's case, may serve as a bar to her civil rights (§§ 1983 and 1985) claims. So long as the opposing parties had an adequate opportunity to litigate disputed issues of fact, res judicata is properly applied to decisions of an administrative agency acting in a judicial capacity. *Kremer v. Chemical Construction Corp., supra,* at ftnt. 26; *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *United Farm Workers v. Arizona Agr. Employment,* 669 F.2d 1249, 1255 (9th Cir. 1982); *cf. Thompson v. Schweiker,* 665 F.2d 936, 940–941 (9th Cir. 1982). Procedural due process was afforded the parties by the hearing officer.

■ This Court must give the agency decision the same res judicata and collateral estoppel effect as Nevada would. *See Kremer v. Chemical Construction Corp., supra,* at ——, 102 S.Ct. at 1898; *Neale v. Goldberg,* 525 F.2d 332 (9th Cir. 1975). Unfortunately, research has uncovered no deci-

sion of the Nevada Supreme Court applying the doctrines to an administrative decision. *See Zaika v. Del E. Webb Corp.*, 508 F.Supp. 1005, 1008 (D.Nev.1981). Therefore, this Court must treat the question as it believes the State Supreme Court would. *Ibid.* Relevant State statutes and judicial decisions merit study in determining what effect the Nevada Supreme Court probably would give the administrative decision in this case.

NRS 284.385, subd. 1(a) authorizes an appointing authority to dismiss a permanent State classified employee, such as Plaintiff herein, when the good of the public service will be served thereby. A hearing before a hearing officer is provided for by NRS 284.-390. The same statute permits review by the State Personnel Advisory Commission. The findings (decision) of the hearing officer are binding on the parties. NRS 284.-390(6); *Hagblom v. Personnel Advisory Com'n*, 97 Nev. 35, 623 P.2d 977, 978 (1981); *see also Nevada State Personnel Division v. Haskins*, 90 Nev. 425, 529 P.2d 795, 796 (1974). Judicial review is authorized by the provisions of Nevada's Administrative Procedure Act (Chapter 233B of NRS). *Mead v. State Dept. of Health, W. & R. Serv., Blind Div.*, 91 Nev. 152, 532 P.2d 611 (1975).

The hearing officer exercises quasi-judicial powers. *See Nevada Industrial Commission v. Reese*, 93 Nev. 115, 560 P.2d 1352, 1354–5 (1977). The Rules for State Personnel Administration, having been authorized by the State Legislature and adopted in accordance with statutory procedure, have the force and effect of law. *Turk v. Nevada State Prison*, 94 Nev. 101, 575 P.2d 599, 601 (1978); NRS 284.155(1); *see also Munoz v. State Dept. of Highways*, 92 Nev. 441, 552 P.2d 42, 43 (1976); *Edwards v. State Dept. of Human Resources*, 96 Nev. 689, 615 P.2d 951, 953–4 (1980).

In addition to procedural due process before an administrative agency acting in a judicial capacity, *Kremer v. Chemical Construction Corp.*, —— U.S. ——, at ftnt. 26, 102 S.Ct. 1883 at ftnt. 26, for the doctrines of res judicata or collateral estoppel to be appropriate, it is necessary that both sides have the opportunity to seek judicial review of the administrative determination. *Zaika v. Del E. Webb Corp.*, 508 F.Supp. 1005, 1009 (D.Nev.1981); *Gear v. City of Des Moines*, 514 F.Supp. 1218, 1221 (S.D.Ia.1981); *see also Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In *Mead v. State Dept. of Health, W. & R. Serv., Blind Div., supra*, the Nevada Supreme Court held that a State agency may not appeal to the courts from an adverse administrative decision under the Administrative Procedure Act, because an agency is not a "person" as defined in NRS 233B.030(5). Only a "person aggrieved by a final decision" may obtain judicial review. NRS 233B.130. However, penal institutions are excepted from the statutory definition of "agency". NRS 233B.030(1)(b). Therefore, it is likely that the Nevada Supreme Court, were it to consider the question, would hold that the Nevada Department of Prisons may seek judicial review of adverse agency decisions. Since State penal institutions are under the supervision of the Department, see Chapter 209 of NRS, it would seem logical that the reference to penal institutions should be deemed to include the Department of Prisons. That being the case, both Plaintiff and the defendant Department had the right to seek judicial review of the hearing officer's decision. Reinforcing this conclusion is the fact that in 1977, subsequent to the acts complained of by Plaintiff, the Nevada Legislature enacted NRS 233B.039 which, among other things, exempted the Nevada State Prison from the requirements of the Administrative Procedure Act. The term "Nevada State Prison" later was amended to read "the department of prisons". This Court believes the procedural standards that must be met for res judicata and collateral estoppel to be applicable have been met in this case.

The more modern approach is to consider res judicata as "claim preclusion." The doctrine holds that the prior administrative order or court judgment is conclusive of the rights of the parties in any subsequent litigation on the same claim. It bars relitigation not only of all issues actually decided,

but also of all issues that might have been decided. It requires that the identical parties, or their privies, be involved in both proceedings.

■ By contrast, collateral estoppel is now frequently referred to as "issue preclusion." It stands for the proposition that the final decision of an administrative agency or court on an issue actually litigated and determined is conclusive of that issue in any subsequent litigation involving a party from the first case, even on a different cause of action. It does not, however, apply to issues which could have been litigated but were not. Further, the issue must have been essential to the decision or judgment in the prior litigation for the issue to be preclusive in the later litigation. *See Matter of Ellis*, 674 F.2d 1238, 1250 (9th Cir. 1982); *Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712, 715 (8th Cir. 1981); *Zaika v. Del E. Webb Corp., supra*, at 1007.

The effect to be given a final agency decision may be specified by statute. *Gear v. City of Des Moines*, 514 F.Supp. 1218, 1223 (S.D.Ia.1981); *Moore v. Bonner*, 526 F.Supp. 143, 149 (D.S.C.1981). As noted above, in Nevada the hearing officer's decision is binding on the parties. Thus, neither Plaintiff nor defendant Nevada Department of Prisons may relitigate those issues actually determined by the hearing officer and necessary to his decision, insofar as the instant 42 U.S.C. §§ 1983 and 1985 claims are concerned. All the other defendants are sued as employees and agents of the Department. This does not affect the applicability of res judicata or collateral estoppel. *See Rosenthal v. State of Nevada*, 514 F.Supp. 907, 912 (D.Nev.1981). As for that matter, the individual defendants may be considered to be in privity with their employer, the Department of Prisons. *See Kelly v. Warminster Tp. Bd. of Sup'rs*, 512 F.Supp. 658, 664 (E.D.Pa.1981).

From the foregoing it can be seen that Plaintiff is precluded from here relitigating, pursuant to §§ 1983 and 1985, whether she violated her employer's key procedure (she did), whether that violation endangered the security of the institution (it did),

whether her refusal to return to work when ordered constituted an act of insubordination and willful disobedience (it did), and whether the Department of Prisons was justified in terminating Plaintiff for violating the Rules for State Personnel Administration (it was).

■ However, both civil rights statutes may still be used by Plaintiff as remedies if she can prove discrimination by the State (through its Department of Prisons) based on sex. *See Padway v. Palches, supra*, at 969. Even though collateral estoppel or res judicata precludes the plaintiff from relitigating the propriety of her termination, under her §§ 1983 and 1985 claims (the Second and Third Causes of Action), she may still be able to prove actionable violations of her civil rights. Her pleading clearly indicates that any deprivation of her rights resulted from established State procedure in the treatment of female correctional officers. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981); *cf. Ybarra v. Bastian*, 647 F.2d 891, 892-3 (9th Cir. 1981).

From the foregoing it is concluded that the motion for summary judgment must be denied as to the Second and Third Causes of Action except as to those adjudicative facts found by the hearing officer.

An appropriate order will be entered.