927 F.2d 610
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert L. THEEDE, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, William L. Roberts, Dr., Clarence
H. Nixon, Thomas K. Turnage, and Neal C. Lawson,
Defendants-Appellees.
 Nos. 89-15189, 89-15190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1990.*
Decided Feb. 26, 1991.
 Appeal for the United States District Court for the District of Arizona, No. CIV-88-0235-PHX-CLH; Charles L. Hardy, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before FARRIS, CYNTHIA HOLCOMB HALL and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Theede appeals the district court's orders granting the defendants' motion to dismiss for failure to state a claim and entering judgment for defendants and denying Theede's motions for (1) in forma pauperis status, (2) appointment of counsel, payment of fees, costs and security pursuant to 28 U.S.C. Sec. 1915(d), (3) waiver of docket fees, cost of transcripts, and appointment of counsel pursuant to 42 U.S.C. Sec. 2000e-5(f)(1)(B), and (4) sanctions against defendant Thomas Turnage and to compel discovery. We affirm the district court.
 
 I. Res Judicata
 
 3
 Res judicata questions are reviewed de novo. Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988). Res judicata bars all grounds for recovery which could have been asserted in a prior suit between the same parties or their privies on the same cause of action. C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980). This suit involves the same cause of action as Theede's prior suit because prosecution of this suit would impair the interests established in the prior judgment, the same evidence is presented in the two actions, the two suits involve infringement of the same rights, and both suits arise out of the same transactional nucleus of facts. See id. (citing Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), cert. denied, 459 U.S. 1087 (1982)). The additional defendants Theede names in this action, Clarence Nixon, director of the Martinez Veterans Administration Medical Center, Thomas Turnage, Administrator of the Veterans Administration, and Neal Lawson, Assistant General Counsel for the Veterans Administration, are privies of their employer, the Veterans Administration. Snow v. Nevada Dep't of Prisons, 543 F.Supp. 752, 757 (D.Nev.1982); see also Rosenthal v. State of Nev., 514 F.Supp. 907, 912 (D.Nev.1981). The district court was correct in holding that res judicata barred Theede's suit.
 
 II. In Forma Pauperis
 
 4
 We review the denial of in forma pauperis status for an abuse of discretion. Jones v. Zimmerman, 752 F.2d 76, 78 (3rd Cir.1985). The district court denied Theede's motion because his financial affidavit disclosed a net household monthly income of $2,731. Theede apparently does not contest the accuracy of his affidavit. Therefore, denial was not an abuse of discretion.
 
 III. Appointment of Counsel
 
 5
 Denials of motions for appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d) and 42 U.S.C. Sec. 2000e-5(f)(1)(B) are reviewed for an abuse of discretion. Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988) (28 U.S.C. Sec. 1915(d)); Miles v. Department of Army, 881 F.2d 777, 784 (9th Cir.1989) (42 U.S.C. Sec. 2000e-5(f)(1)(B)).
 
 
 6
 Appointment of counsel under section 1915(d) is appropriate only under exceptional circumstances. To determine whether exceptional circumstances exist, the court must evaluate both the need for counsel due to the complexity of the law involved and the likelihood of success on the merits. Richards, 864 F.2d at 87. Here, the district court properly found that exceptional circumstances did not exist because Theede's claims were barred by the doctrine of res judicata.
 
 
 7
 In determining whether counsel should be appointed pursuant to section 2000e-5(f)(1)(B), the court must consider the plaintiff's financial resources, efforts made by the plaintiff to secure counsel, and the merit of the plaintiff's claim. Miles, 881 F.2d at 784 n. 6. The court based its decision to deny Theede's motions upon Theede's financial affidavit showing significant income and upon its finding that his claim was precluded by the doctrine of res judicata. The denial was not an abuse of discretion.
 
 IV. Discovery Motions
 
 8
 We review discovery motions for an abuse of discretion. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). The district court properly denied Theede's motion for sanctions and to compel the deposition of Thomas Turnage, Administrator of the Veterans Administration, as moot because of its finding of res judicata.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3