IRELENE B. BRYANT, DBA TRIGGER BRYANT MER-CHANT PATROL AND SECURITY SERVICES, APPELLANT, v. PRIVATE INVESTIGATOR'S LICENS-ING BOARD, RESPONDENT.

No. 8205

May 13, 1976                    549 P.2d 327

*Harvey Dickerson,* Las Vegas, for Appellant.

*Robert List,* Attorney General, *Robert A. Groves* and *Michael Dyer,* Deputy Attorneys General, for Respondent.

## OPINION

*Per Curiam:*

The Private Investigator's Licensing Board found Irelene B. Bryant guilty of unprofessional conduct and unfitness as a licensee and imposed a 90-day suspension of her license. Upon review, the district court affirmed, and in this appeal Ms. Bryant contends the record does not support the findings of fact and conclusions of law and the penalty imposed constitutes an abuse of discretion. We disagree.

In reviewing an administrative board's decision this court, like the district court, is limited to the record presented below and to the determination of whether the board acted arbitrarily or capriciously. Lellis v. Archie, 89 Nev. 550, 516 P.2d 469 (1973).

Unchallenged evidence in the record clearly establishes that Ms. Bryant failed to report the employment of an unlicensed investigator, one James Corbett, Jr., although required to do so by NRS 648.140(2).[1]

Further, the record establishes that after being discharged from an investigation, Ms. Bryant caused her employees to compile an "officers' report" on one Iris Saxton, a former client. This report contained personal derogatory information on Iris Saxton which Ms. Bryant acquired as a result of the

---

[1]NRS 648.140 provides:

"2. A licensee may employ, in connection with such business, as many unlicensed persons as may be necessary, but at all times every licensee is accountable for the good conduct of every person employed by him in connection with such business. Each licensee shall furnish the board with the name, physical description and photograph of all unlicensed employees, except clerical personnel, and shall notify the board within 10 days when such employees begin or terminate their employment."

employment relationship. Without obtaining Iris Saxton's permission, Ms. Bryant furnished the report to Iris Saxton's former husband, contrary to the provisions of NRS 648.200.[2]

Substantial evidence exists to support the board's findings and under these circumstances we do not consider the 90 day suspension excessive. Miller v. Munger, 88 Nev. 405, 498 P.2d 1336 (1972).

Affirmed.

---

[2]NRS 648.200 provides:

"It shall be unlawful for any licensee or any employee, officer or member of any licensee:

"1. To divulge to anyone (except as he may be so required by law to do) any information acquired by him except at the direction of the employer or client for whom the information was obtained.

"2. To make a false report to his employer or client."