MIGUEL B. MUNOZ, Appellant, v. STATE OF NEVADA On Relation of Its DEPARTMENT OF HIGHWAYS and the NEVADA STATE PERSONNEL ADVISORY COMMISSION, Respondents.

No. 8559

July 15, 1976                    552 P.2d 42

*Roy L. Nelson, II,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *Riley M. Beckett,* Special Deputy, Carson City, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from a judgment of the district court that affirmed a decision of the Nevada Personnel Advisory Commission discharging the appellant, Miguel B. Munoz, from public employment.

1. Munoz was employed by the Nevada State Highway Department. His employment commenced on March 21, 1960. He was terminated on November 14, 1973. On the afternoon of the latter date, and before departing on his annual leave, Munoz removed without permission from Highway's District I Right of Way Office in Las Vegas certain irreplaceable original Highway master files containing vital information. Munoz's immediate supervisor, who was present, warned him not to remove the files, and he offered to permit Munoz to make copies for his personal use. Munoz was aware of Highway's regulation prohibiting the removal of original files, as he had violated the rule on a previous occasion and had been warned not to do so again. Nevertheless, Munoz took the files to his

home, claiming that he needed them to prepare for his forthcoming demotion hearing before the Personnel Advisory Commission. His supervisor then telephoned Highway's officials in Carson City and reported Munoz's action. The supervisor was instructed to telephone Munoz and order him to return the files forthwith. This the supervisor did. Munoz stated that he would not comply unless he was served with a court order to that effect. Munoz's position was then relayed by his supervisor to Highway's officials in Carson, and the decision was made to discharge him.[1] Later, Munoz, on instruction from his counsel, did return the files. However, Highway refused to reinstate him.

2. Munoz claims that his discharge was not warranted, because there was insufficient evidence presented to support the specifications of his discharge and even if so supported the acts complained of did not constitute grounds for discharge. Munoz also asserts that at the time in question he was suffering from a condition of extreme anxiety-depression, which may have caused him to act irrationally, and that this factor should be considered in mitigation of his conduct.

3. NRS 284.385 provides in part that an appointing authority may dismiss or demote any permanent classified employee when he considers that the good of the public service will be served thereby.[2] The chief of the State Department of

---

[1]The grounds for Munoz's termination were detailed in his discharge as follows:

"Rule B–3—for removal of Right of Way General Master Files in District I,

"Rule B–17—Willful disregard of State-wide departmental or office regulations.

"Rule D–1—Refusal to comply with a reasonable order or instruction from a Supervisor within the employees [sic] capabilities without undue risk,

"Rule F–1—Using or unauthorizing [sic] the use of State owned or leased property for other than official use."

[2]NRS 284.385:

"1. An appointing authority may:

"(a) Dismiss or demote any permanent classified employee when he considers that the good of the public service will be served thereby.

"(b) Suspend without pay, for disciplinary purposes, a permanent employee for a period not to exceed 30 days.

"2. In case of a dismissal or suspension, the chief [of the personnel division of the department of administration] shall be furnished with a statement in writing specifically setting forth the reasons for such dismissal or suspension. A copy of the statement shall be furnished to the employee.

"3. No employee in the classified service shall be dismissed for religious or racial reasons."

Personnel prescribes, with the approval of the Personnel Commission, a code of rules and regulations for the classified service. NRS 284.155, subsection 1.[3] Personnel Administration Rule XII, subsection D–6, adopted pursuant to NRS 284.155, *supra,* provides that employees guilty of willful insubordination or willful disobedience may be appropriately disciplined. Under Highway's Prohibition and Penalties Suggested Guide on Corrective Disciplinary Action, both insubordination and willful disregard of statewide regulations are punishable by termination if the circumstances surrounding the act so warrant.

As to Munoz's claim that there is insufficient evidence in the record to prove the acts complained of and that even if supportable such acts do not warrant his discharge, we must disagree.

A reading of the record manifestly supports the charges constituting the predicate for Munoz's discharge. They were serious acts on Munoz's part. The record shows that the removed files, if lost, could not be replaced, as the computations contained therein could never again be precisely duplicated. While Munoz's condition may have been one of anxiety-depression, there is nothing in the record to suggest he was either insane or mentally incompetent. As Judge J. Charles Thompson ruled in sustaining the order of dismissal:

". . . [T]he Hearing Officer of the Nevada State Personnel Advisory Commission fully considered the matter in all respects and his decision is supported by substantial evidence; and

". . . respondents [Highway and Personnel Advisory Commission] acted within its [sic] statutory authority and justifiably dismissed petitioner [Munoz] . . ."

Finally, Munoz asserts in his brief on appeal that Nevada's statutory scheme for dismissal of permanent classified personnel is unconstitutional. As the constitutionality of the statutes challenged was not raised prior to this appeal and was not considered by the district court, the issue may not be considered on appeal. Tennessee v. Dunlap, 44 U.S.L.W. 4811 (U.S. June 10, 1976). We therefore affirm.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[3]NRS 284.155, subsection 1:

"1. The chief shall prescribe a code of rules and regulations for the classified service, which, upon approval of the commission after public notice and opportunity for public hearing, shall have the force and effect of law."