STEVE FRANK WINDISH, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9242

December 21, 1977                    572 P.2d 210

---

*James L. Buchanan II,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *Cathy Valenta-Weise,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant sought judicial review of the decision of the Nevada Department of Motor Vehicles' hearing officer which concluded appellant had violated NRS 484.383 by refusing to submit to a chemical test to determine the alcohol content of his blood.[1] Appellant contended in the district court that the evidence adduced at the hearing was insufficient to identify him as the person charged with the offense. The district court rejected appellant's assignment of error and here appellant reasserts the same contention.

In reviewing the hearing officer's decision, this court is

---

[1]NRS 484.383 provides, in pertinent part:

"1. Except as provided in subsections 4 and 5, any person who drives a vehicle upon a highway in this state shall be deemed to have given his consent to a chemical test of his blood, urine, breath or other bodily substance for the purpose of determining the alcoholic content of his blood or the presence of a controlled substance when such test is administered at the direction of a police officer having reasonable grounds to believe that such person was driving a vehicle while under the influence of intoxicating liquor or a controlled substance and after such person was arrested for any offense allegedly committed while such person was driving a vehicle under the influence of intoxicating liquor or a controlled substance.

"2. Such person shall be informed that his failure to submit to such test will result in the suspension of his privilege to drive a vehicle for a period of 6 months."

limited, as is the district court, to a review of the evidence presented at the hearing to determine if the decision was supported by the evidence. *See* Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972); *cf.* Nevada Industrial Comm'n v. Williams, 91 Nev. 686, 541 P.2d 905 (1975). In our view, there is substantial evidence to support that decision. *See* NRS 233B.-140; *cf.* People v. Tunstall, 161 N.E.2d 300 (Ill. 1959); State v. Johnson, 527 P.2d 1324 (Wash.App. 1974).

Affirmed.