RICHARD W. TURK, Appellant, *v.* NEVADA STATE PRISON, Respondent.

No. 8839

March 2, 1978                                   575 P.2d 599

*James F. Sloan,* Reno, *for Appellant.*

*Robert List,* Attorney General, and *David B. Small,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BATJER, C. J.:

Appellant sought judicial review of the Nevada Personnel Advisory Commission hearing officer's decision which concluded appellant had failed to properly perform sensitive security duties assigned to him at the Nevada State Prison and was,

therefore, justifiably terminated from his position as a correctional officer.

Appellant contended in the district court that (1) the evidence adduced at the hearing was insufficient to support the hearing officer's decision, and (2) he was terminated without due process of law. The district court rejected appellant's assignments of error and here appellant reasserts the same contentions, neither of which has merit.

1. In reviewing the hearing officer's decision, it is the function of this court, as well as the district court, to review the evidence presented at the hearing to determine if the decision was supported by the evidence, and to ascertain whether the hearing officer acted arbitrarily, capriciously, or contrary to the law. NRS 233B.140; Bryant v. Private Investigator's Lic. Bd., 92 Nev. 278, 549 P.2d 327 (1976); Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972). Here, the record indicates that appellant, while serving as gatehouse officer, allowed three prisoners returning from work release in the Carson City area to enter the prison without conducting or attempting to conduct a search for weapons or contraband. The record further indicates that appellant had, on the day of the above-described incident, missed pre-shift muster, a mandatory meeting held for the purpose of inspecting the oncoming shift for appearance and fitness for duty and disseminating any new information pertaining to prison duties. In our view, these facts are sufficient to support the hearing officer's decision and, further, we perceive no abuse of the hearing officer's discretion in approving appellant's dismissal. Windish v. State, 93 Nev. 636, 572 P.2d 210 (1977); Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968); Bd. of Chiropractic Exam'rs v. Babtkis, 83 Nev. 385, 432 P.2d 498 (1967).

2. In support of the "due process" challenge, appellant contends the statute governing dismissal of permanent classified employees is unconstitutionally vague. That statute, NRS 284.385, provides, in pertinent part: "1. An appointing authority may: (a) Dismiss or demote any permanent classified employee when he considers that the good of the public service will be served thereby." Appellant argues the language "good of the public service" is vague and renders no guidance to the individual employee in planning his future conduct.

The chief of the State Department of Personnel has, pursuant to NRS 284.155(1), prescribed comprehensive personnel rules delineating, *inter alia,* specific causes for termination of

104

permanent classified employees.[1] Munoz v. State ex rel. Dep't of Hwys., 92 Nev. 441, 552 P.2d 42 (1976); Oliver v. Spitz, 76 Nev. 5, 348 P.2d 158 (1960). Those rules, mandated by the legislature and adopted in accordance with statutory procedures, have the force and effect of law. NRS 284.155; Oliver v. Spitz, cited above. Thus, even assuming the standard announced in NRS 284.385(1)(a) constitutes an inadequate legislative guideline for termination, the implementation of the personnel rules serves to cure any defect. *Cf.* State of Nevada v. Rosenthal, 93 Nev. 36, 559 P.2d 830 (1977).

Affirmed.

MOWBRAY, THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[1] NRS 284.155(1) provides:

"1.   The chief shall prescribe a code of rules and regulations for the classified service, which, upon approval of the commission after public notice and opportunity for public hearing, shall have the force and effect of law."

State Administrative Manual § 8200, Rules for Personnel Administration, Rule XII, provides, in pertinent part:

"DISMISSAL, SUSPENSION, AND REDUCTION IN GRADE OR COMPENSATION
(Refer to NRS 284.385)

"Depending on the seriousness of the misconduct, these disciplinary actions may be taken in any order.

"...

"C.   *Involuntary Demotion and Dismissal*
When other forms of disciplinary or corrective action have proved ineffective or when the seriousness of the offense or condition warrants, the appointing authority may demote or dismiss the employee for any cause or causes listed in Section D of this Rule.

"D.   *Causes for Action*
Appropriate disciplinary or corrective action may be taken for any of the following causes:

"...

"3.   The employee of any institution administering a security program who, in the considered judgement [*sic*] of the appointing authority, violates or endangers the security of the institution.

"...

"5.   Incompetence or inefficiency.

"...

"7.   Inexcusable neglect of duty."