GEORGE GUR–KOVIC, VERA GUR–KOVIC, LEE JOSEPH COMPANY, SKY LAKE POOLS, INC., AND SKY LAKE POOL CENTER, Appellants, *v.* STATE CONTRACTORS BOARD, WAYNE T. DONNELS, M. D. HANCOCK, A. B. SOLARI, R. L. MENDENHALL, LUTHER KITCHEN, JOHN J. ROSE, STUART MASON, ROBERT L. STOKER, Respondents

No. 9858

June 28, 1979 596 P.2d 850

*David Dean,* Reno, for Appellants.

*Cooke, Roberts & Reese,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellants George and Vera Gur-Kovic are the owners and operators of two companies: Sky Lake Pools, Inc., a corporation engaged in the business of constructing swimming pools;

and Sky Lake Pool Center, a seller of swimming pool supplies, equipment and merchandise. Both companies have the same address, but use different stationery. Vera Gur-Kovic serves as secretary and bookkeeper for both companies.

Sky Lake Pools, Inc. is a swimming pool contractor licensed by the State of Nevada under NRS ch. 624. Pursuant to NRS 624.220, Sky Lake was limited in its operation to $75,000 for any one project.[1] On July 7, 1975, Vera Gur-Kovic, as secretary of Sky Lake Pools, Inc., prepared and signed written bids to subcontract for construction of the swimming pool for the planned Northwest Park Swimming Pool Complex in Reno, Nevada. These bids were submitted to a number of general contractors interested in submitting their own bids to the City of Reno. Sky Lake Pools, Inc., submitted a bid of $128,533.48, which included labor, materials and equipment.

On July 17, 1975, after the deadline for submitting bids had passed, Sky Lake Pools, Inc., submitted a new bid of $74,000, not including equipment, to Johnson and Johnson Development Company, a general contractor bidding on the entire project. Sky Lake Pool Center also submitted a bid, on the same day and to the same company, offering to furnish the epuipment for the pool for $48,080.

Subsequently, the State Contractor's Board charged Sky Lake Pools, Inc., with "acting beyond [the] scope of [its] license in violation of NRS 624.3015, [by] contracting for a sum for one construction contract or project in excess of the limit placed on the license by the board."[2]

At a hearing on the matter, conducted by the Board on July 31, 1975, appellants contended they had mistakenly bid for their two companies in one document, but admitted that the bid submitted was in excess of their limit. At the conclusion of the hearing, the Board found that Sky Lake had violated NRS 624.3015 and entered an order of official reprimand. The Board's decision was upheld by the First Judicial District Court, and this appeal followed.

---

[1]NRS 624.220 provides, in pertinent part:

"2. The board may limit the field and scope of the operations of a licensed contractor by establishing a monetary limit on a contractor's license, and such limit shall be the maximum contract a licensed contractor shall undertake under a specific contract on a single construction site or subdivision site for a single client."

[2]NRS 624.3015 provides, in pertinent part:

"The following acts, among others, constitute cause for disciplinary action under NRS 624.300:

"1. Acting in the capacity of a contractor beyond the scope of the license, or contracting for a sum for one construction contract or project in excess of the limit placed on the license by the board."

In reviewing the Board's decision, the function of this court, and the district court, is to review the evidence presented at the hearing to determine whether the Board's decision was based upon substantial evidence, and to ascertain whether the Board in fact acted arbitrarily, capriciously, or contrary to the law. Turk v. Nevada State Prison, 94 Nev. 101, 575 P.2d 599 (1978); Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972).

We have reviewed the record and we conclude that the Board's decision was proper. Accordingly, the judgment is affirmed.