LOUIS VARELA, APPELLANT, *v.* CITY OF RENO CIVIL SERVICE COMMISSION, CITY OF RENO CITY MANAGER, CITY OF RENO CHIEF OF POLICE JAMES PARKER, RESPONDENTS.

No. 11254

November 4, 1981          635 P.2d 577

———

[3]The Governor designated the Honorable Thomas O'Donnell, District Judge of the Eighth Judicial District, to sit in this case in place of THE HONORABLE CAMERON BATJER, who voluntarily recused himself. Nev. Const. art. 6, § 4.

[Rehearing denied February 24, 1982]

*Jerome M. Polaha,* and *John L. Conner,* Reno, for Appellant.

*Louis S. Test,* City Attorney; *Charles L. Eddleman,* Assistant City Attorney, Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellant was discharged from his job as jailer for the Reno Police Department on April 21, 1977, for using excessive force on inmates. He appealed to the Reno Civil Service Commission, which upheld the termination. Appellant then petitioned the district court, which affirmed the Commission's decision.[1]

Appellant was discharged by the acting City Manager on the recommendation of the Chief of Police. In a Bill of Particulars, appellant was informed that the dismissal was based upon two specified instances in which he had allegedly used "excessive force" by striking, dragging or kicking certain named jail inmates, and upon three specified prior incidents in which appellant had been reprimanded for physical or verbal abuse of inmates. The Bill listed those sections of the Rules and Regulations of the Civil Service Commission and the Operations Manual of the Reno Police Department which appellant was

---

[1]All proceedings below were conducted as if the Administrative Procedure Act were directly applicable. All parties now take the position that this was error, but that no substantial rights were affected. *See* State ex rel. Sweikert v. Briare, 94 Nev. 752, 588 P.2d 542 (1978).

accused of violating by such conduct. A list of potential witnesses was also appended. Appellant was informed that he might appeal the decision to the Commission within ten days.

On appeal, the Commission conducted a full evidentiary hearing. Appellant did not dispute striking the inmates on the two occasions charged, but essentially claimed that the amount of force he had used was reasonable or necessary under the circumstances. Other witnesses disputed this contention. The Commission found that appellant had used excessive force on each of the two occasions, as charged, and affirmed the order of the City Manager. The district court, in a carefully reasoned opinion, refused to overturn the Commission's determination.

1. Appellant claims that the Commission's decision must be overruled because no expert testimony was presented defining a standard for "excessive force", citing particularly Nevada State Board of Pharmacy v. Garrigus, 88 Nev. 277, 496 P.2d 748 (1972). In *Garrigus* we held that without evidence that such practice was violative of the profession's standards, it was improper for the Board to revoke appellants' pharmacy licenses for furnishing "excessive" quantities of narcotic drugs to an individual, when such drugs were furnished only on prescription and only after inquiry of the prescribing doctor.

In this case, there is no similar problem presented. Appellant claimed that his actions were provoked, or were required in order to maintain control. This version of the facts was disputed by other witnesses. Resolution of this dispute in the testimony was fully within the competence of the Commission, and the record presents an adequate basis for concluding that the Commission did not act arbitrarily. *See* Turk v. Nevada State Prison, 94 Nev. 101, 575 P.2d 599 (1978); Moore v. Board of Trustees, 88 Nev. 207, 495 P.2d 605 (1972).

2. Nor are we persuaded by appellant's related contention that the record does not contain substantial evidence to support the Commission's findings. We are mindful, as was the judge below, that "neither the trial court, nor this court, should substitute its judgment for the administrator's determination. We should not pass upon the credibility of witnesses or weigh the evidence, but limit the review to a determination that the board's decision is based upon substantial evidence." No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 281, 429 P.2d 66, 68 (1967), quoted in State ex rel. Sweikert v. Briare, 94 Nev. 752, 588 P.2d 542 (1978).

3. Appellant contends that he was denied procedural due process because he was not afforded an evidentiary hearing until after his initial termination. Respondents do not contest appellant's assertion that he had a constitutionally protected property interest in his position with the police department. *Compare* Bishop v. Wood, 426 U.S. 341 (1976). They argue, however, that this is an appropriate case for application of the exception to the predetermination hearing requirement for "extraordinary or exigent circumstances". State ex rel. Sweikert v. Briare, *supra,* 94 Nev. at 755, 588 P.2d at 544. We agree.

The Chief of Police had made a preliminary determination, approved by the acting City Manager, that appellant exhibited a pattern of abusive conduct toward jail inmates warranting dismissal. The public interest in prevention of such conduct fully justifies the relatively short delay pending an evidentiary hearing by the Commission. *Cf.* Mathews v. Eldridge, 424 U.S. 319 (1976).

We need not deal with appellant's remaining contentions, as they are either without merit, or raised for the first time on this appeal. *See* Munoz v. State ex rel. Dep't of Hwys., 92 Nev. 441, 552 P.2d 42 (1976).

Accordingly, we affirm.[2]

---

[2]Present counsel did not represent appellant in proceedings below.