138 Nev., Advance Opinion 62

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL J. LOCKER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 84070<br><br>FILED<br><br>SEP 0 1 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of possession of less than 14 grams of a schedule I controlled substance. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

*Vacated and remanded.*

John L. Arrascada, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Kevin Naughton, Appellate Deputy District Attorney, Washoe County,
for Respondent.

BEFORE THE SUPREME COURT, SILVER, CADISH, and PICKERING, JJ.

*OPINION*

By the Court, CADISH, J.:

Appellant pleaded guilty to a violation of NRS 453.336(2)(a), which criminalizes possession of less than 14 grams of certain controlled

22-27472

substances as a category E felony for first or second offenses. Prior to sentencing, appellant entered into a guilty-plea agreement with the State without addressing judgment deferral and filed an election to enter a substance-use treatment program under NRS 176A.240 without addressing whether he qualified for judgment deferral. Consistent with the State's argument at sentencing, the district court entered a judgment of conviction, with a corresponding suspended prison sentence, and placed appellant on probation. Appellant contends on appeal that the statutes governing his first-offense drug crime mandate judgment deferral under the circumstances. Because the plain language of NRS 176.211(3)(a)(1) requires the district court to defer judgment where the defendant consents to deferral and enters a plea of guilty to a violation of NRS 453.336(2)(a), and appellant satisfied the preconditions for such deferral, we conclude that the district court erred by entering the judgment of conviction. We therefore vacate the judgment of conviction and remand the case for judgment deferral consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Appellant Michael J. Locker was charged in August 2021, pursuant to an amended criminal complaint, with carrying a concealed weapon, a category C felony; possession of less than 14 grams of a schedule I controlled substance, a category E felony; and possession of drug paraphernalia, a misdemeanor.

Before Locker's arraignment, the State negotiated a plea deal with Locker in which he agreed to plead guilty to the first-time offense of possession of less than 14 grams of a schedule I controlled substance in violation of NRS 453.336(2)(a). It accordingly amended the information, dropping the concealed-weapon and drug-paraphernalia counts and including only the drug-possession count. According to the guilty-plea

memorandum, Locker admitted that he "knowingly or intentionally" possessed less than 14 grams of a schedule I controlled substance. In exchange for Locker's guilty plea, the State agreed "not [to] pursue any other criminal charges arising out of this transaction or occurrence." The parties agreed "to argue for an appropriate sentence." The guilty-plea memorandum contained no provision or language regarding judgment deferral. At the arraignment, the district court accepted and entered Locker's guilty plea pursuant to the guilty-plea memorandum.

Before sentencing, Locker filed with the court an election to undergo a treatment program pursuant to NRS 176A.240 (hereinafter, treatment election).[1] In the treatment election, Locker acknowledged that "if he satisfactorily complete[d] the treatment program and satisfie[d] the conditions of the [c]ourt, the conviction [would] be set aside." At sentencing, Locker requested to participate in an outpatient, rather than inpatient, treatment program. He made no request, discussion, or argument regarding judgment deferral. For the State's part, despite an acknowledgment that Locker had no prior felonies, it expressed its belief that the drug-possession offense to which he pleaded guilty constituted "a mandatory probation case" and, coupled with Locker's misdemeanor criminal history, warranted a 19-to-48-month prison sentence. The State also argued that "the firearm presence" at the time of arrest "require[d] probation as opposed to a deferred sentence." It made no other argument regarding judgment deferral. Finally, the State urged the district court to

---

[1]NRS 176A.240(1) permits placement in a treatment program for any "defendant who suffers from a substance use disorder" and who "tenders a plea of guilty . . . to . . . any offense for which the suspension of sentence or the granting of probation is not prohibited by statute," "[e]xcept as otherwise provided in" NRS 176.211(3)(a)(1).

 

require Locker "to complete the adult drug court" as a condition of probation because of his "multiple violations" of either positive or missed drug tests. Locker did not object to any of the State's sentencing recommendations.

The district court acknowledged Locker's election to participate in a treatment program. It questioned Locker about his history of "inpatient programs" and considered the "maybe 11 or 12 . . . positive drug tests or missed drug tests" since his arrest on the subject offense. Additionally, the district court expressed concern for "community" safety because Locker had "a concealed weapon on his person" at the time of arrest. The court stated that category E felonies carry "mandatory probation." Nevertheless, the district court reasoned that "the past efforts and . . . the risks [Locker] created" required a "different" approach, despite that the offense constituted Locker's "first felony." Ultimately, the court sentenced Locker to 19 to 48 months in prison, suspended the sentence, and placed him on probation for 18 months. As a condition of probation, Locker was required to enter and complete adult drug court after serving 60 days in the Washoe County Jail. The district court explained that there was "a punitive component" to the sentence because Locker had "carr[ied] a concealed weapon." The district court did not otherwise discuss judgment deferral. A judgment of conviction was entered the same day.

## DISCUSSION

While we review a sentencing decision for an abuse of discretion, *see Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), we review statutory interpretation de novo, *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). In interpreting a statute, we begin with the text of the statute to determine its plain meaning and apply "clear and unambiguous" language "as written." *Id.* In so doing, "we avoid statutory interpretation that renders language meaningless or superfluous." *Id.*

Locker argues that NRS 453.336(2)(a), to which he pleaded guilty, contains language that makes judgment deferral mandatory where the defendant consents. Locker maintains that because he pleaded guilty to a first offense under NRS 453.336(2)(a) and consented to judgment deferral, he satisfied the conditions of the statute, such that the district court lacked discretion to enter a judgment of conviction. Moreover, he contends that not only did the charging documents contain no firearm allegation, but also the statute does not condition a deferred sentence on the absence or presence of a firearm. He asserts, therefore, that the district court misinterpreted the mandatory deferral provided for in NRS 453.336(2)(a) insofar as it accepted the State's argument that Locker's possession of a firearm warranted probation as opposed to deferred judgment. We agree.[2]

Although Locker focuses on NRS 453.336(2)(a)'s language, our interpretation of NRS 453.336(2)(a) necessarily involves consideration of related statutes cross-referenced in the statutory scheme. *See Bergna v. State*, 120 Nev. 869, 873, 102 P.3d 549, 551 (2004) (explaining that we read statutes within a statutory scheme "harmoniously with one another" to avoid "unreasonable or absurd results" (internal quotation marks omitted) (quoting *Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1136 (2001))). NRS 453.336(2) prescribes the punishments for "knowingly and intentionally possess[ing] a controlled substance," depending on the type and amount of the controlled substance. *See* NRS 453.336(2)(a)-(e). NRS 453.336(2)(a), to which Locker pleaded guilty, governs first and second

---

[2]The State agrees that Locker preserved the issue for appeal by virtue of his treatment election under NRS 176A.240.

offenses of possessing less than 14 grams of the substance at issue and provides for judgment deferral upon the defendant's consent:

> For a first or second offense, if the controlled substance is listed in schedule I or II and the quantity possessed is less than 14 grams, or if the controlled substance is listed in schedule III, IV or V and the quantity possessed is less than 28 grams, [a person] . . . shall be punished for a category E felony as provided in NRS 193.130.[3] *In accordance with NRS 176.211, the court shall defer judgment upon the consent of the person.*

*Id.* (emphasis added). NRS 176.211 governs the deferral of judgment upon, among other things, a guilty plea. Subsection 1 provides the following general rule:

> Except as otherwise provided in this subsection, upon a plea of guilty, . . . but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer judgment on the case . . . . *The court may not defer judgment pursuant to this subsection if the defendant has entered into a plea agreement with a prosecuting attorney unless the plea agreement allows the deferral.*

*Id.* (emphasis added).

NRS 176.211(3)(a)(1), however, specifically addresses defendants who plead guilty to violating NRS 453.336(2)(a): "The court . . . [u]pon the consent of the defendant . . . [s]hall defer judgment for

---

[3]NRS 193.130 prescribes punishment depending on the category of the felony. For category E felonies, the sentencing range is one to four years. NRS 193.130(2)(e). Moreover, "[e]xcept as otherwise provided in" NRS 453.336(2)(a), "the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate." NRS 193.130(2)(e).

any defendant who has entered a plea of guilty . . . to a violation of paragraph (a) of subsection 2 of NRS 453.336."

A combined reading of these statutes leads to the conclusion that NRS 176.211(1) and NRS 176.211(3)(a)(1) target different offenses and establish different degrees of discretion for judgment deferral according to the offense, with Locker's guilty plea falling within NRS 176.211(3)(a)(1)'s mandatory deferral on the defendant's consent, precluding application of NRS 176.211(1)'s discretionary deferral. NRS 176.211(3)(a)(1) expressly applies to guilty pleas for violating NRS 453.336(2)(a) and includes mandatory language that provides no discretion to refuse to defer judgment. Similarly, NRS 453.336(2)(a) mandates that the court defer judgment for violations of its proscriptions in accordance with NRS 176.211(3)(a)(1). By the plain language of these statutes, the Legislature divested the court of its sentencing discretion for this specific felony drug-possession offense and permitted first- and second-time offenders the opportunity to proceed without a conviction on their record.[4] *Cf. Goudge v. State*, 128 Nev. 548, 553, 287 P.3d 301, 304 (2012) ("The use of the word 'shall' in [NRS 176.0931] divests the district court of judicial discretion.").

---

[4]Our conclusion finds further support in NRS 176A.240, which governs circumstances under which a defendant may participate in a treatment program. Subsection 1(a) of that statute provides as follows: "Except as otherwise provided in [NRS 176.211(3)(a)(1)], if a defendant who suffers from a substance use disorder or any co-occurring disorder tenders a plea of guilty . . . the court may . . . suspend or defer further proceedings and place the defendant on probation [pending successful completion of a treatment program] . . . ." Thus, while this statute generally gives the district court discretion to defer judgment pending treatment, that general authority remains limited by the specific provisions of NRS 176.211(3)(a)(1), which, as discussed, require deferred judgment after a guilty plea under NRS 453.336(2)(a) and the defendant's consent.

Nevertheless, the State contends that NRS 453.336(2)(a)'s reference to NRS 176.211 "as a whole," rather than to any specific subsection therein, implicates the entirety of NRS 176.211, and specifically, subsection 1, which generally permits deferral but situationally prohibits deferral. *See* NRS 176.211(1). According to the State, the last sentence of NRS 176.211(1) precludes judgment deferral where a defendant enters into a specific plea agreement with the State, unless the agreement provides for deferral, or the defendant pleaded "guilty to every single charge." Because Locker entered into a plea agreement with the State that contained no such deferral provision, and he pleaded guilty to only one charge, with the State dropping the other charges, including the concealed-weapon charge contained in the first amended criminal complaint but omitted from the information, the State reasons that NRS 176.211(1), as opposed to NRS 176.211(3)(a)(1), applies and precludes judgment deferral. We disagree.

NRS 176.211(1) does not apply to Locker's plea. The State's argument overlooks that NRS 176.211 as a whole distinguishes between offenses for purposes of the degree of discretion afforded to the district court to defer judgment. *See City of Henderson v. Amado*, 133 Nev. 257, 259, 396 P.3d 798, 800 (2017) (explaining that we construe statutes "as a whole," while we read statutes "in a manner that makes the words and phrases essential and the provisions consequential"). While NRS 176.211(1) does not define the offenses that fall within its ambit, the other subsections of NRS 176.211 give context for subsection 1 and establish that subsection 1 acts as a generally applicable provision under which judgment deferral is discretionary. For example, as noted already, NRS 176.211(3)(a)(1) expressly mandates judgment deferral for guilty pleas for violations of NRS 453.336(2)(a). Additionally, NRS 176.211(3)(b) prohibits judgment deferral

SUPREME COURT
OF
NEVADA

(O) 1947A

8

for any defendant convicted of violations of certain violent or sexual offenses. The existence of these provisions shows that the Legislature intended to treat most offenses as subject to the court's discretion for purposes of judgment deferral, but to require the court to handle a certain subset of offenses in a particular manner.

The State's reading of the last sentence of NRS 176.211(1) is unpersuasive and atextual. First, no language in NRS 176.211 exists to limit the mandatory judgment deferral for offenses under NRS 453.336(2)(a) only to situations in which the defendant pleaded guilty to all charges in an original charging document, as opposed to the actual, eventual plea. Neither does NRS 453.336(2)(a) suggest such a requirement. The State implicitly acknowledges as much because it resorts to a selective reading of the legislative history, even though legislative history is generally relevant only to interpret ambiguous statutory language. *Cf. Sharpe v. State*, 131 Nev. 269, 274, 350 P.3d 388, 391 (2015).

Second, the fact that NRS 176.211(1) rescinds the discretionary judgment deferral provided in *that* subsection where the plea results from a plea agreement that does not allow deferral does not mean that the mere existence of a plea agreement triggers NRS 176.211(1) and forecloses NRS 176.211(3). Contrary to the State's assertion, such an interpretation renders language in subsection 1 and subsection 3 meaningless. For example, a person "who has been convicted of a violent or sexual offense" would be able to avoid the prohibitory language in NRS 176.211(3)(b) and urge the court to defer judgment under NRS 176.211(1) so long as the plea agreement allowed for judgment deferral. If so, NRS 176.211(1) would subsume and render meaningless NRS 176.211(3)(b). A similar effect

occurs when considering the interplay between NRS 176.211(1) and (3)(a)(1).

Third, NRS 176.211(1) explicitly states that its language pertains to "this subsection," not to the statute as a whole. A plain reading of the "this subsection" language confines any limitations on the district court's discretion to defer judgment outlined in that subsection to *that subsection*. Fourth, notably, none of the cross-referencing statutes discussed above even reference NRS 176.211(1), let alone prohibit their application where the defendant's guilty plea results from a plea agreement that lacks any provision relating to judgment deferral. Given the ubiquity of plea agreements, the Legislature's failure to exclude from mandatory judgment deferral situations in which a defendant negotiates charges down in a plea agreement or fails to include a provision on judgment deferral in the plea agreement does not suggest an oversight on the part of the Legislature.

In sum, a harmonious reading of the statutes reveals no ambiguity within or conflict between NRS 176.211's provisions. NRS 176.211(1) applies to any offense not specifically addressed by the other provisions of the statute and remains mutually exclusive from NRS 176.211(3)(a)(1). A defendant's guilty plea to NRS 453.336(2)(a) triggers NRS 176.211(3)(a)(1), which requires judgment deferral regardless of whether the plea resulted from a plea agreement. Applying the governing statutes' plain language to the facts, we conclude that the district court lacked discretion to enter the judgment of conviction under NRS 176.211(3)(a)(1) and NRS 453.336(2)(a). The parties agree that Locker pleaded guilty to NRS 453.336(2)(a). The parties also agree that Locker

consented to judgment deferral by his treatment election.[5] The conditions of NRS 176.211(3)(a)(1) now satisfied, NRS 176.211(3)(a)(1) applied, not NRS 176.211(1). The application of NRS 176.211(3)(a)(1) is unaffected by the facts that the original criminal complaint contained other charges, including a concealed-weapon charge, and Locker's plea resulted from a plea agreement without any provision on judgment deferral.

## *CONCLUSION*

We conclude that NRS 453.336(2)(a) mandates, consistent with NRS 176.211, judgment deferral on the consent of the defendant for a guilty plea to a first- or second-time offense of possession of less than 14 grams of a schedule I or II controlled substance. NRS 176.211(3)(a)(1) similarly requires the court to defer judgment on the consent of the defendant for a guilty plea to a violation of NRS 453.336(2)(a). NRS 176.211(1) is not applicable to such situations, as its plain language gives the court discretion to defer judgment for offenses not specifically identified elsewhere in the statute. Because NRS 176.211(3)(a)(1) targets a specific drug-possession offense, a guilty plea that falls within its ambit excludes the application of NRS 176.211(1). Here, Locker undisputedly pleaded guilty to a first-time violation of NRS 453.336(2)(a) and consented to deferral by his treatment election. Thus, the district court lacked discretion to decline to defer

---

[5]Locker asserts that he consented to judgment deferral in his treatment election. The State does not dispute this assertion or otherwise discuss whether Locker consented to judgment deferral. Therefore, we assume that the treatment election invoked Locker's consent to judgment deferral.

SUPREME COURT
OF
NEVADA

(O) 1947A

judgment. We therefore vacate the judgment of conviction and remand for judgment deferral consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Silver

_____, J.
Pickering