139 Nev., Advance Opinion 34

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SHARI KASSEBAUM, Appellant, vs. THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS, Respondent. | No. 83942 FILED SEP 21 2023 |

Appeal from a district court order denying a petition for judicial review in an administrative action. Eighth Judicial District Court, Clark County; Tara D. Clark Newberry, Judge.

*Affirmed.*

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, and Michelle Di Silvestro Alanis, Supervising Senior Deputy Attorney General, Carson City, for Respondent.

---

BEFORE THE SUPREME COURT, STIGLICH, C.J., and LEE and BELL, JJ.

*OPINION*

By the Court, STIGLICH, C.J.:

When a state employee requests a hearing to challenge the reasonableness of a disciplinary action under NRS 284.390, the Nevada Administrative Code (NAC) requires the employee to attach a copy of the

23-31040

written notification of the discipline to the appeal form. *See* NAC 284.6562(2)(b). In this appeal, we consider whether that requirement is jurisdictional or procedural. After examining the rule's language, we conclude that the requirement is not jurisdictional but is instead a procedural claim-processing rule. Furthermore, because the rule provides that an employee "must" comply with the attachment requirement, the rule is mandatory. Thus, when an employee requests a hearing to challenge a state employer's disciplinary decision pursuant to NRS 284.390 and fails to comply with NAC 284.6562's attachment requirement, the appeal is defective and may be dismissed. Because the appellant here failed to comply with the attachment requirement when filing her appeal form and did not seek leave to amend or otherwise cure that omission, we conclude that the hearing officer did not err by dismissing her appeal, and we therefore affirm.[1]

## FACTS AND PROCEDURAL HISTORY

After she was suspended for two days from her position as a correctional officer with respondent State of Nevada Department of Corrections (NDOC), appellant Shari Kassebaum administratively appealed by requesting a hearing on the reasonableness of the suspension. The appeal form Kassebaum completed explained that it "***must be accompanied by the written notification of the appointing authority's decision regarding the proposed action.***" Notwithstanding this clear directive, Kassebaum did not attach a copy of NDOC's letter informing her of the suspension. NDOC moved to dismiss Kassebaum's appeal, arguing that the requirement to attach the written discipline

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

notification was jurisdictional and that Kassebaum's failure to attach the notification to the appeal form divested the hearing officer of jurisdiction to consider her appeal. In response, Kassebaum conceded that NDOC would likely prevail on its motion but disagreed with certain factual allegations in NDOC's motion; she did not seek leave to amend or otherwise cure her failure to comply with NAC 284.6562(2)(b).

The hearing officer granted NDOC's motion, finding that NAC 284.6562(2)(b) was a jurisdictional requirement that could not be cured because the time for Kassebaum to file an appeal had expired. *Cf.* NRS 284.390(1) (providing that an employee must file an appeal from a disciplinary decision within 10 working days of the effective date of that decision). Kassebaum petitioned the district court for judicial review, arguing that the hearing officer erred in dismissing her appeal because NAC 284.6562(2)(b) is a nonjurisdictional claim-processing rule. The district court denied Kassebaum's petition and agreed with the hearing officer that the rule is jurisdictional. Kassebaum now appeals to this court.

## DISCUSSION

We review an "administrative decision in the same manner as the district court." *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. 245, 248, 327 P.3d 487, 489 (2014). In doing so, we review questions of law de novo, "without deference to an agency['s] determination." *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784-85, 312 P.3d 479, 482 (2013) (quoting *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011) (internal quotation marks omitted)). Because the issue here—whether the requirement in NAC 284.6562(2)(b) is jurisdictional—is a question of law, our review is de novo. *See Washoe County v. Otto*, 128 Nev. 424, 430-31, 282 P.3d 719, 724 (2012) (applying de novo review to questions involving statutory construction and jurisdictional issues).

SUPREME COURT
OF
NEVADA

(O) 1947A

Kassebaum argues that the hearing officer erred by determining that NAC 284.6562(2)(b) is a jurisdictional rule, urging that it is instead a procedural claim-processing rule.[2] NDOC contends that the rule is jurisdictional such that Kassebaum's failure to follow its requirements within the time to file her appeal divested the hearing officer of jurisdiction to hear her challenge.

To resolve whether the attachment requirement is a jurisdictional rule, we first consider the difference between jurisdictional rules and nonjurisdictional claim-processing rules. Then, we consider the statutory scheme and regulations governing Kassebaum's administrative challenge to her suspension.

*Jurisdictional rules concern a tribunal's power to act*

"Jurisdictional rules go to the very power of [the] court to act." *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987). *See Jurisdiction, Black's Law Dictionary* (11th ed. 2009) (defining "jurisdiction" in part as "[a] court's power to decide a case"); *see also Reno Sparks Convention Visitors Auth. v. Jackson*, 112 Nev. 62, 65-67, 910 P.2d 267, 269-70 (1996) (concluding that a hearing officer lacked jurisdiction over a party's challenge because the party did not comply with the "jurisdictional and mandatory" rule setting a time limit to request a hearing). In

---

[2]Although Kassebaum failed to make this argument before the hearing officer, we may consider the issue because it goes to the hearing officer's jurisdiction to adjudicate Kassebaum's appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, *unless it goes to the jurisdiction of that court*, is deemed to have been waived and will not be considered on appeal." (emphasis added)); *State, Dep't of Emp't, Training & Rehab., Emp't Sec. Div. v. Sierra Nat'l Corp.*, 136 Nev. 98, 101 n.5, 46 P.3d 18, 22 n.5 (2020) (applying *Old Aztec* when a party failed to raise an argument in administrative proceedings).

*Fitzpatrick v. State ex rel. Department of Commerce, Insurance Division*, we held that "the time allotted by statute for taking an administrative appeal is jurisdictional" such that only a timely appeal invokes administrative appellate jurisdiction.[3] 107 Nev. 486, 488, 813 P.2d 1004, 1005 (1991). *See also State v. Bronder*, 136 Nev. 650, 652, 476 P.3d 866, 868 (2020) ("[A] rule providing a time limit for filing an administrative appeal is not procedural but *jurisdictional*."); *Seino v. Emp'rs Ins. Co. of Nev.*, 121 Nev. 146, 150, 111 P.3d 1107, 1110 (2005) (noting that the "[s]tatutory periods for requesting administrative review of workers' compensation determinations are mandatory and jurisdictional").

*Claim-processing rules concern the procedural steps a party must take*

In contrast to jurisdictional rules, claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *see also Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) (providing that certain bankruptcy rules were claim-processing rules where they did "not delineate what cases bankruptcy courts are competent to adjudicate"); 36 C.J.S. *Federal Courts* § 8 (2014) ("[J]urisdictional rules govern a . . . court's adjudicatory authority while nonjurisdictional claim-processing rules do not."). Although a rule may provide that something "shall" or "must" occur, not all such mandatory rules are jurisdictional. *See Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012); *Henderson*, 562 U.S. at 435 ("Other rules, even if important and mandatory, . . . should not be given the jurisdictional brand."). Thus, while jurisdictional rules may not be waived, parties must timely raise concerns

---

[3]The parties do not dispute that Kassebaum timely filed her appeal form.

about violations of claim-processing rules. *Compare Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 618-19 (8th Cir. 2008) (noting that claim-processing issues "may be forfeited if they are not timely raised"), *with Jasper v. Jewkes*, 50 Nev. 153, 156, 254 P. 698, 699 (1927) (explaining that jurisdictional requirements cannot be waived).

*NAC 284.6562's attachment requirement is a nonjurisdictional mandatory claim-processing rule*

When interpreting a statute or rule, "we begin with the text of the [rule] to determine its plain meaning and apply 'clear and unambiguous' language 'as written.'" *Locker v. State*, 138 Nev., Adv. Op. 62, 516 P.3d 149, 152 (2022) (quoting *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011)); *see also Mahaffey v. Inv'rs Nat'l Sec. Co.*, 102 Nev. 462, 463-64, 725 P.2d 1218, 1219 (1986) (examining the language of a rule to determine whether it is jurisdictional). Here, the Nevada Legislature created the Personnel Commission, *see* NRS 284.030, and authorized it to appoint "hearing officers to conduct hearings and render decisions" regarding certain public employment actions, NRS 284.091. NRS 284.390(1) allows certain state employees to challenge an employer's disciplinary decision by, "[w]ithin 10 working days after the effective date of" the discipline, filing a written request for a hearing before a Commission hearing officer "to determine the reasonableness of the [discipline]." *See also O'Keefe v. State, Dep't of Motor Vehicles*, 134 Nev. 752, 759, 431 P.3d 350, 356 (2018) (describing the process the hearing officer should employ in applying NRS 284.390(1)). That statute thus sets forth the hearing officer's authority. It does not require that the employee attach anything to the written request for a hearing officer to determine the reasonableness of the discipline imposed. That requirement instead appears in a regulation adopted by the

Commission pursuant to NRS 284.065(2)(d) (authorizing the Commission to "[a]dopt regulations to carry out the provisions of [NRS Chapter 284]").

The regulation at issue, NAC 284.6562, begins by echoing NRS 284.390(1)'s language that an eligible employee may request a reasonableness hearing only by submitting a written request within 10 working days of receiving notice of the challenged discipline. *Compare* NAC 284.6562(1), *with* NRS 284.390(1). The request must be "submitted on the form provided by the Division of Human Resource Management," as set forth in NAC 284.778(1), and NAC 284.6562(2)(b) requires it to be "[a]ccompanied by the written notification of the" subject discipline.

The language of NAC 284.6562(2)(b) does not speak to the hearing officer's adjudicatory power. *See Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 882 (11th Cir. 2017) ("[W]hen, as here, a statute 'speaks . . . not to a court's power,' it should be treated as non-jurisdictional." (quoting *United States v. Wong*, 575 U.S. 402, 410 (2015))). Nothing in the rule suggests that attaching a copy of the written notification is necessary to invoke the hearing officer's authority to review the challenged discipline. Indeed, another provision in the rule suggests the contrary by addressing when the written notification "need not accompany the request for a hearing."[4] NAC 284.6562(3). It thus appears that the purpose of the requirement is to facilitate the hearing officer's review rather than to restrict the officer's authority.

Because the rule's language does not clearly indicate that it should "be treated as having jurisdictional attributes," *Henderson*, 562 U.S. at 439, we conclude that the rule is nonjurisdictional and the hearing officer

---

[4]The parties agree that the exceptions to the attachment requirement do not apply in this case.

erred in concluding otherwise. Accordingly, Kassebaum's failure to attach the written notice did not divest the hearing officer of jurisdiction to consider her appeal.[5] *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81-82 (2009) (explaining that failure to adhere to nonjurisdictional filing requirements cannot deprive a tribunal of jurisdiction).

*Kassebaum failed to comply with NAC 284.6562(2)(b), and therefore, the district court did not err in dismissing her appeal*

Having concluded that the hearing officer had jurisdiction over Kassebaum's case, we nonetheless conclude that the hearing officer properly dismissed the appeal. This court reviews an agency's decision granting a motion to dismiss based on construction of a statute de novo. *Elizondo*, 129 Nev. at 784-85, 312 P.3d at 482; *see also Otto*, 128 Nev. at 430-31, 282 P.3d at 724 (reviewing de novo whether a statutory provision required dismissal). We also recognize that, when administrative regulations are "mandated by the [L]egislature and adopted in accordance with statutory procedures," as NAC 284.6562(2)(b) was here, they "have the force and effect of law." *Turk v. Nev. State Prison*, 94 Nev. 101, 104, 575 P.2d 599, 601 (1978); *cf. Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) (providing that "[w]hen the [L]egislature creates a specific procedure for review of administrative agency decisions, such procedure is controlling"). Further, "[a] timely objection to a claim-processing defect can, in some cases warrant dismissal of the case." *United*

---

[5]While we have held that "the proper and timely filing of a notice of appeal is jurisdictional," *Rust*, 103 Nev. at 688, 747 P.2d at 1382, we have not held that a party's failure to comply with claim-processing rules within the time provided by statute deprives a tribunal of jurisdiction to consider an appeal in all circumstances, as NDOC suggests.

*States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022), *cert. denied*, ___ U.S. ___, 143 S. Ct. 755 (2023); *see also Ortiz-Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019) (explaining that "failure to comply with [a claim-processing] rule may be grounds for dismissal of the case").

Here, the attachment requirement provides that an employee's hearing request "*must be . . .* [a]ccompanied by the written notification of the" disciplinary action being challenged. NAC 284.6562(2)(b) (emphasis added). "The word 'must' generally imposes a mandatory requirement." *Otto*, 128 Nev. at 432, 282 P.3d at 725. And "[t]hough not jurisdictional, mandatory claim-processing rules remain mandatory." *Donnelly v. Controlled Application Review & Resolution Program Unit*, 37 F.4th 44, 56 (2d Cir. 2022); *see also Bastide-Hernandez*, 39 F.4th at 1191 (recognizing that claim-processing rules can still be mandatory); *accord* 36 C.J.S. *Federal Courts* § 8 (2014) ("Calling a rule nonjurisdictional does not mean that it is not mandatory . . . ."). Based on the foregoing, it is clear that NAC 284.6562(2)(b) is a mandatory rule.

Because NAC 284.6562(2)(b) is mandatory, we conclude that the hearing officer did not err in dismissing Kassebaum's request for a hearing for failing to comply with that rule.[6] Indeed, Kassebaum conceded below that NDOC would likely prevail on its motion to dismiss based on her failure to comply. And although Kassebaum argues that the appeal form was misleading because it stated that "evidence and back-up documents need not be provided at th[at] time," she concedes that it also stated that she must attach a copy of the written notice of discipline. We therefore

---

[6]The parties do not dispute that NDOC timely raised its concern that Kassebaum did not comply with the attachment requirement. *See Dill*, 525 F.3d at 618-19.

SUPREME COURT
OF
NEVADA

(O) 1947A

reject any argument that the appeal form's language excused Kassebaum's compliance with NAC 284.6562(2)(b). We further note that Kassebaum did not seek leave to amend her appeal form to attach the notice of discipline even after NDOC filed its motion to dismiss pointing out Kassebaum's omission.

In sum, because the attachment requirement is a mandatory requirement that "ha[s] the force and effect of law," *Turk*, 94 Nev. at 104, 575 P.2d at 601, and because Kassebaum concedes her failure to comply with that rule, her appeal was defective and dismissal was appropriate. Therefore, we conclude that the hearing officer reached the correct result when he dismissed Kassebaum's appeal and, in turn, the district court properly denied her petition for judicial review.[7] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (explaining that this court "will affirm a district court's order if the district court reached the correct result, even if for the wrong reason").

## CONCLUSION

NAC 284.6562(2)(b) is a nonjurisdictional claim-processing rule. Compliance with the rule nonetheless is mandatory. Thus, although the hearing officer had jurisdiction to adjudicate Kassebaum's disciplinary appeal, the hearing officer ultimately reached the right result when he dismissed the appeal based on Kassebaum's failure to comply with NAC

---

[7]Given our conclusion, we need not reach Kassebaum's other arguments, including her argument that the hearing officer denied her due process by failing to conduct a hearing on her appeal. *See Cortes v. State*, 127 Nev. 505, 516, 260 P.3d 184, 192 (2011) ("Constitutional questions should not be decided except when absolutely necessary to properly dispose of the particular case." (internal quotation marks omitted)).

284.6562(2)(b). Accordingly, we affirm the district court's order denying Kassebaum's petition for judicial review.

_____, C.J.
Stiglich

We concur:

_____, J.
Lee

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A